UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BLANKA POPOVIC,

    Plaintiff,

    v.

KOLINDA GRABAR-KITAROVIC, et al.,

    Defendants.

Case No. 18-cv-03503 NC

**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Re: Dkt. No. 1

Pro se plaintiff Blanka Popovic filed a complaint against three defendants that appear to be Croatian nationals: Kolinda Grabar Kitarovic, president of Croatia; Dr. Mario Zambelli; and Dr. Zoran Zgaljardic. Dkt. No. 1 at 2. She alleges that defendants violated the "United Nation Human Rights." *Id.* at 6. Where, as here, the Court is uncertain that it has subject matter jurisdiction over a case before it, the Court must inquire into the basis for its jurisdiction over a case or controversy.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction can arise in two ways, through a federal question presented, or through diversity of the parties. 28 U.S.C. §§ 1331, 1332. Ms. Popovic states in her complaint that this case is before the Court on the basis of federal question jurisdiction. Dkt. No. 1 at 3. For jurisdiction based on a federal question under § 1331, the Court looks to the face of a "well-pleaded complaint" to determine whether a claim is created by federal law or whether the plaintiff's right to relief necessarily depends

Case No. 18-cv-03503 NC

on the resolution of a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (citing *Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). The Court must look to the complaint's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Ms. Popovic asserts that the Court has jurisdiction over this case on the basis of "United Nation Human Rights." Dkt. No. 1 at 6. As district court judge Edward J. Davila recently pointed out in an order to show cause on a different case Ms. Popovic brought in this district, however, the document Ms. Popovic referenced "is actually known as the Universal Declaration of Human Rights, [and it] 'does not of its own force impose obligations as a matter of international law' and does not constitute a form of domestic federal law upon which jurisdiction can be based." *Popovic v. Hanson*, No. 18-cv-03507 EJD, 2018 WL 2971308, at *2 (N.D. Cal. June 13, 2018) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004)). The upshot of this is that Ms. Popovic may not bring a lawsuit where the only basis for her claim is the Universal Declaration of Human Rights. Even more fundamentally, a federal court—which is what the Court is—lacks jurisdiction over such a lawsuit.

Moreover, another jurisdictional concern the Court has is under the substantiality doctrine, which provides that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Levine*, 415 U.S. 528, 537 (1974) (internal quotations and citations omitted) *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985). "A district court may therefore dismiss a complaint at any time, sua sponte, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations implicate the substantiality doctrine." *Popovic*, 2018 WL 2971308, at *2 (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

Case No. 18-cv-03503 NC  2

Ms. Popovic's allegations center around her conviction that she was secretly implanted with technologies by defendants at different times, and that defendants orchestrated her alleged torture. Dkt. No. 1 at 7. Ms. Popovic claims she was "heavily attacked with directed energy weapon" in her home in Sacramento in 2015, and that at any moment when she would close her eyes "people would start brutally and with unimaginable cruelty to work on [her]. [Her] body and brain would be available to everyone who would want to work on some AI project- be it a robot or any other type of AI development." *Id.*

After going to Croatia in 2016, she recorded "strange sounds coming from my throat and electrical particles hitting the pillow," and she thereafter "contacted Croatian DoD asking them for explanation for the bizarre events and sending them the link to the recordings." *Id.* She never received a response from the Croatian department of defense, and soon after began experiencing "nightly torture episodes" from "Croatian operatives." *Id.* Ms. Popovic claims that she thereafter wrote to Croatian president Grabar-Kitarovic, who later "knowingly" "tortured" her "using a female child humanoid," which was created by abusing Ms. Popovic's mother. *Id.* Ms. Popovic claims this "humanoid [robot] child is abused for deviant sexual practices in Hollywood." *Id.* As to Dr. Zambelli, Ms. Popovic claims that he "implanted" her "with nano technologies that allow Hanson Robotics and US military to develop humanoid Sophia." *Id.* at 8. Regarding Dr. Zgaljardic, Ms. Popovic claims he "implanted" her "with all newest military technologies, which are now used by Facebook (Building 8) and Tesla (Neuralink, Mars projects)." *Id.*

As in the case before Judge Davila, the Court must conclude that Ms. Popovic's allegations are so implausible as to be considered completely lacking in merit. *Popovic*, 2018 WL 2971308, at *2. Ms. Popovic is obviously undergoing trauma, and the Court lacks the ability to aid her using the judicial process. The Court cannot find that Ms. Popovic's allegations may be considered as anything other than fanciful.

Nonetheless, Ms. Popovic is a pro se litigant, and the Court is sensitive to the need to liberally construe pro se litigants' complaints and allegations. For that reason, the Court

Case No. 18-cv-03503 NC    3

ORDERS that Ms. Popovic respond to this order to show cause addressing: (1) the Court's subject matter jurisdiction over this case; and (2) the substantiality of her allegations. This response must be filed by July 30, 2018. If Ms. Popovic does not respond to this order, the Court will have this case reassigned to a district court judge with the recommendation that the judge dismiss this case without prejudice.[1]

The Court directs Ms. Popovic to the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is located in Room 2070 of the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m.- 4:00 p.m. The Program can be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: July 16, 2018

NATHANAEL M. COUSINS
United States Magistrate Judge

---

[1] Ms. Popovic has neither consented to nor declined the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c).

Case No. 18-cv-03503 NC    4